By the Court.
The grand jury of Franklin county presented an indictment against Dell Collingsworth, of which the following is a copy:
“Indictment for Manslaughter.
“The State of Ohio, Franklin County, ss.:
“In the Court of Common Pleas, Franklin county, Ohio, of the Term of January, in the year of our Lord one thousand nine hundred and nine.
“The jurors of the grand jury of the state of Ohio, duly elected, impaneled, sworn and charged to inquire of crimes and offenses committed within the body of Franklin county, in the state of Ohio, in the name and by the authority of the state of Ohio, upon their oaths do find and present that at the time hereinafter mentioned the city of Columbus, Ohio, had adopted and there was in force in said city the following ordinance:
“ 'Whoever shall ride or drive any animals' in any highway, thoroughfare or public place in this city quicker than or beyond a moderate gait, or shall not slacken the pace of such animal or animals in approaching any crosswalk, upon which any person may be in the act of passing, or in the act of approaching or leaving a street car, or shall ride or drive any such animal so as to cause such *157 animal or any vehicle thereto attached, to come in collision with or strike any other object or other person, or shall leave any such animal standing in any public place without being' fastened or so guarded as to prevent its running away, or shall turn any such animal loose in any thoroughfare, or shall hitch or fasten any such animal to any tree or tree box without the consent of the owner, or shall hitch or fasten any horse or other animal to any lamp post or water hydrant, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than five nor more than fifty dollars, or be imprisoned not more than thirty days, or both.’
“And that at the time hereinafter mentioned one James Brady was then and there walking upon a certain highway, to-wit, Buttles avenue, in said city of Columbus.
“And the jurors of the grand jury aforesaid do further find and present that Dell Collingsworth, late of said county of Franklin, on or about the thirtieth day of December, in the year of our Lord one thousand nine hundred and eight, within the county of Franklin aforesaid and within the corporate limits of said city of Columbus, did drive a certain horse with a vehicle attached to said horse so that said horse and the vehicle thereto attached unlawfully and in violation of said ordinance did then and there come in collision with and strike and wound the said James Brady while the said James Brady was so walking upon the said Buttles avenue as aforesaid, from which said wounds so inflicted by the said horse and vehicle so driven by the said Dell Collingsworth as aforesaid, the said James' *158 Brady then and there died. And so the jurors of the grand jury aforesaid,, upon their oaths as aforesaid, do say that the said Dell Collingsworth, in the manner and hy the means aforesaid, did then and there unlawfully kill one James Brady then and there, being contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Ohio.
“Karl T. Webber, “Prosecuting Attorney, Franklin County
The accused demurred to the indictment, but the demurrer was overruled, and on a plea of not guilty the case proceeded to trial by jury. During the progress of the trial, the state offered in evidence the ordinance adopted by the city of Columbus and which is copied in said indictment. The accused objected to the introduction of the ordinance, which objection the court sustained. To this decision the state excepted. As this ruling was fatal to the case sought to be made by the state, the court instructed the jury to return a verdict of acquittal, which was done. The prosecuting attorney took a bill of exceptions containing the points decided and obtained leave to file the same in this court, under Section 7305, Revised Statutes', to obtain the opinion- of this court upon the questions decided.
We have an imperfect record of the proceedings below, but the indictment discloses that the state predicated the charge of manslaughter upon the violation of a municipal ordinance. Or, to put the proposition in another form, it is alleged that •the unlawful act committed by the accused, which *159 resulted in the death of Brady, was the violation of said ordinance.
The present statute defining manslaughter provides that, “Whoever unlawfully kills another, except as provided in the last three sections, is guilty of manslaughter, and shall be punished,” etc. Before the section assumed its present brief form, the crime of manslaughter was defined thus: “That if any person shall unlawfully kill another without malice, either upon a sudden quarrel, or, unintentionally while the slayer is in the commission of some unlawful act, every such person shall be deemed guilty of manslaughter, and on conviction thereof, be punished,” etc.
In addition to what this court said in Johnson v. State, 66 Ohio St., 59, we think it is sufficient to say, that the unlawful act being committed which results in the death must be an act prohibited by law, as distinguished from an act forbidden by an ordinance of one of the municipalities of Ohio. It would seem that the case just cited decides the question before us and leaves little to be said in justification of the decision of the trial court. There are many municipal corporations in this state, and each may have its ordinances, appropriate to its local needs, and therefore there cannot be any uniformity in such local laws, if they should be entitled to the name of laws. Many of the counties of the state contain several municipal corporations. What may be an unlawful- or prohibited act in one, may be lawful in another, and so throughout the state. We are not permitted to say that what may constitute an essential element of manslaughter in one city *160 or village, need not be present in the ordinances of other cities or villages of the state. If the act of killing a person which ensues from violating a municipal ordinance constitutes manslaughter, then we have a law of a general nature which perhaps is not. of uniform operation throughout even Franklin county. Neither is it of uniform operation throughout the various municipalities of the state. The unlawful act contemplated as an essential element of manslaughter must be uniformly unlawful throughout the state. Otherwise, what might be that crime in Columbus might not be such in Dayton, Toledo, Cleveland, or any other city or village in the state.
While the ordinance excluded by the court in the case under consideration may be a wise public regulation for Columbus, its vitality is expended in punishing persons who violate its provisions according to the scope of the penalties therein prescribed. It may be that there is need for action by our general assembly to provide a general law to cover cases similar to this, but until it answers the call the courts are powerless in the premises.
In our judgment, the trial court committed no error in excluding the ordinance, and the exceptions to its rulings aré overruled.

Exceptions overruled.

Summers, C. J., Crew, Spear, Davis, Shauck and Price, JJ., concur.